IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TENNIE S. GREENE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:08-cv-529-MEF |
| v. | ) | |
| | ) | (WO–Do Not Publish) |
| C & K LANDSCAPING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Despite the Court's repeated attempts to elicit an answer that complies with the Federal Rules of Civil Procedure and this Court's Local Rules, the Court finds that the Second Amended Answer to Complaint (Doc. # 20), filed on December 3, 2008 by Defendants C & K Landscaping and Kenneth Newman, III, does not meet the requirements set by those rules.

Plaintiff Tennie S. Greene filed the complaint in this case on July 3, 2007 (Doc. # 1.) Defendants answered on July 29, 2008 in a manner that was not compliant with Federal Rules of Civil Procedure 8(b)(2) and 8(b)(3), which govern admissions and denials, and Federal Rule of Civil Procedure 11, which governs representations to the Court and sanctions. Specifically, the Answer "denie[d] all material averments of the plaintiffs' Complaint and demand[ed] strict proof thereof." The Answer also contained eighteen affirmative defenses, and, somewhat mysteriously, a plea of not guilty. This Answer failed to comply with the requirements of Rule 8, which states in part:

(2) *A denial must fairly respond to the substance of the allegation.*
(3) A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. *A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.*

Fed. R. Civ. P. 8(b)(2)-(3) (emphasis added). Consequently, the effect of the general denial in the Answer was to deny all allegations in the complaint, including those regarding (1) this Court's jurisdiction over the case, (2) the propriety of venue in this District, (3) the names of the Plaintiffs and Defendants, and (4) one defendant's form of business organization. The general denial also probably violated the requirement of Rule 11(b)(4) that "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Moreover, the Court is skeptical that all eighteen affirmative defenses satisfied the requirements of Rule 11(b) that:

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

Fed. R. Civ. P. 11(b). In the event an answer does violate Rule 11(b), the Court is within its power to impose an appropriate sanction on any attorney or law firm. Fed. R. Civ. P. 11(c).

After the filing of the original Answer in this case and the Parties' 26(f) report (Doc. # 9), the Court entered a Uniform Scheduling Order (Doc. # 10), which set the amended pleadings deadline as November 17, 2008. On November 18, 2008, the day after the

deadline, Defendants filed their Amended Answer (Doc. #16), which purported to add a nineteenth affirmative defense and incorporated the first Answer "by reference." This Amended Answer was in contravention to the dictate of Local Rule 15.1, which requires that an "amendment to a pleading, . . . must, except by leave of court, *reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.*" The Court thereafter notified Counsel for the Defendants via electronic mail that the Amended Answer was neither filed in time nor compliant with the Local Rules.

Thereafter, Defendants filed a Motion for Leave to File and Motion to Extend (Doc. # 17), which the Court in its discretion granted (Doc. # 18). Defendants then filed a First Amended Answer to Complaint (Doc. # 19), which again incorporated the first Answer "by reference." Therefore, the First Amended Answer, like the Amended Answer, was contrary to Local Rule 15.1. The Court then notified Counsel for the Defendants of the repeated noncompliance. Defendants then filed a Second Amended Answer to Complaint (Doc. # 20), which remedied the violation of Local Rule 15.1, but re-committed the violations of Rules 8 and 11 present in the original Answer, specifically the general denial, guilty plea, and now nineteen affirmative defenses.

The Court is understandably concerned that the Rules of Civil Procedure have been flaunted by these pleadings. Therefore, it is hereby ORDERED:

(1) that on or before December 30, 2008 Defendants shall file an amended answer that complies with ALL Federal Rules of Civil Procedure and ALL Local Rules, including Rules

8 and 11 and Local Rule 15.1;[1] or, in the alternative,

(2) if Defendants, in good faith and after due investigation, contend that this Court lacks subject matter jurisdiction or that the Middle District of Alabama is an improper venue, that on or before December 30, 2008 Defendants shall file a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue and briefs in support; and

(3) that irrespective of which option Defendants elect, all counsel of record for Defendants are to read the Local Rules for the United States District Court for the Middle District of Alabama and the Federal Rules of Civil Procedure and to file on or before December 30, 2008 a certification indicating that they have read these rules;

(4) Failure to file an answer that is fully compliant with all Federal Rules of Civil Procedure, this Court's Local Rules, and this Order will result in appropriate sanctions, which may include striking the Answer; and

(5) Failure to comply with the other dictates of this Order will likewise result in appropriate sanctions.

Done this the 23rd day of December, 2008.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]Should Defendants choose to amend the Answer, they shall strictly comply with Rule 8 and "fairly respond to the substance" of each allegation, admitting the substance of those allegations that are true, denying the substance of those allegations they believe are untrue, and, if they lack sufficient information to either admit or deny an allegation, they shall so state. Moreover, should they choose to amend the Answer, Defendants are to strictly comply with the requirement of Rule 11 that all denials, all claims of insufficient information, *and all claimed defenses* be, to the best of their knowledge, information, and belief, formed after an inquiry into the facts reasonable under these circumstances, supported by existing law or a good faith argument for the extension or modification of existing law. The Defendants are further admonished that should the Court determine that their pleadings are in violation of Rule 11, it will consider appropriate sanctions. Finally, any amendment to the Answer may not incorporate any prior pleading by reference and must instead comport with Local Rule 15.1